**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LEONARD AVULLIJA and
ALBANA AVULLIJA,

       Plaintiffs,

                                              Case No. 3:20-cv-1356-MMH-JBT

v.

KEN CUCCINELLI, Acting Director,
Citizenship and Immigration Services,
et al.,

       Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Defendants' Motion to Dismiss Plaintiff's[sic] Complaint (Doc. 10; Motion), filed on February 12, 2021. Defendants move the Court to dismiss Plaintiffs' claim against them for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure (Rules(s)), and failure to state a claim, pursuant to Rule 12(b)(6). See Motion at 1.  On March 5, 2021, Plaintiffs filed their Response to Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. 11; Response).  Accordingly, the matter is ripe for resolution.

1

**I.  Background[1]**

Plaintiff Albana Avullija is a United States citizen who sought an immigrant visa for her non-citizen spouse, Leonard Avullija. See generally Complaint. According to the Complaint, United States Citizenship and Immigration Services ("USCIS") approved Ms. Avullija's petition to establish eligibility for a spousal visa on June 21, 2016. Id. at ¶14. The National Visa Center forwarded the approved petition to the United States Consulate in Tirana, Albania, where Mr. Avullija was interviewed on or around February 1, 2018. See id. at ¶15. On August 29, 2018, the consular officer provided Mr. Avullija a "Refusal Worksheet" informing him that his visa application was being denied based on two grounds of inadmissibility under the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq. ("INA"). See id. at ¶16-17. First, the consular officer found Mr. Avullija was inadmissible under 8 U.S.C. § 1182(a)(4) because he was "likely at any time to become a public charge." See id. at ¶17. Second, the consular officer found Mr. Avullija inadmissible under 8

---

[1] In considering the Motion, the Court must accept all factual allegations in the Complaint Seeking Judicial Review of Final Agency Action Pursuant to the Administrative Procedure Act and Alternative Request for Issuance of Writ of Mandamus (Doc. 1; Complaint) as true, consider the allegations in the light most favorable to Plaintiffs, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Complaint, and may well differ from those that ultimately can be proved.

2

U.S.C. § 1182(a)(6)(C)(i), because he "by fraud or willfully misrepresenting a material fact" sought to procure admission to the United States. See id.

On or around November 25, 2019, Mr. Avullija applied for a waiver (the "Application for Waiver") under 8 U.S.C. § 1182(i) which permits the Attorney General, "in the discretion of the Attorney General," to waive the application of the inadmissibility grounds in section 1182(a)(6)(C) "if the refusal of admission to the United States would result in extreme hardship to the citizen or lawfully resident spouse or parent of such an alien . . . ." See id. at ¶20-21. USCIS denied Mr. Avullija's Application for Waiver on July 2, 2020. See Decision (Doc. 1-4). In the Decision, USCIS stated in relevant part:

> You have been found inadmissible to the United States because you had previously resided unlawfully in the United States for an uninterrupted period of one year or more, then voluntarily departed or were removed from the United States. Therefore, you are inadmissible for a period of ten years from the date of departure. See INA § 212(a)(9)(B)(i)(II).
>
> In addition to the inadmissibility ground identified above, the Department of State Consular Officer found you inadmissible under section 212(a)(4)(A) of the INA (likely at any time to become a public charge).
>
> There is no waiver for inadmissibility under section 212(a)(4)(A) of the INA (likely at any time to become a public charge).
>
> If an applicant would remain inadmissible even if a waiver is granted, that remaining inadmissibility may itself support denial of the waiver application as a matter of discretion. See Matter of J- F-D-, 10 I&N Dec. 694 (INS 1963).
>
> Therefore, USCIS denies your application as a matter of statute.

Id. Rather than appeal the Decision to the Administrative Appeals Office or submit a motion to reopen or reconsider the Decision, Plaintiffs filed their Complaint in this Court "seek[ing] judicial review of the July 2, 2020 denial of Plaintiff Leonard Avullija's Form I-601 pursuant to the Administrative Procedure Act ("APA")." Id. at ¶10. Because the Decision did not address the inadmissibility ground under section 1182(a)(6)(C)(i), of which waiver was sought pursuant to section 1182(i), Plaintiffs assert that Defendants violated 8 C.F.R. § 103.3(a)(1), which "requires Defendants to explain the specific reasons for a denial." Complaint at ¶25.

In the Motion, Defendants argue that Plaintiffs' claim is due to be dismissed because the Court lacks subject-matter jurisdiction over the action. See Motion at 1. In support, Defendants assert that two different provisions of the INA, sections 1182(i) and 1252(a)(2)(B)(i), strip the Court of jurisdiction to hear Plaintiffs' claim. See id. at 4-5. Defendants also maintain that it was merely a "scrivener's error" to state that Mr. Avullija was inadmissible for previously unlawfully residing in the United States under section 1182(a)(9)(B)(v) and such error did not impact USCIS's ultimate decision to deny the waiver. Motion at 8, n. 3. Alternatively, if the Court determines that it has subject-matter jurisdiction over the instant action, Defendants argue that the Complaint is due to be dismissed for failure to state a claim because USCIS

4

sufficiently explained its denial of the Application for Waiver as required by 8 C.F.R. § 103.3(a)(1). Id. at 7-8.

In the Response, Plaintiffs contend that they "do not seek judicial review of the substance of the denial," but instead request that the Court compel USCIS to comply with its governing regulations. See Response at 4. Accordingly, Plaintiffs contend that the jurisdictional stripping provisions of the INA do not preclude judicial review. See id. Further, Plaintiffs maintain that section 1182(i) only applies to judgments regarding section 1182(a)(6)(C)(i), and because the Decision cites to section 1182(a)(9)(B)(v) instead, section 1182(i) does not apply. See id. at 5. Even if Defendants' inclusion of section 1182(a)(9)(B)(v) as a basis for the denial was a "scrivener's error," Plaintiffs maintain that Mr. Avullija is still "left without a viable opportunity to appeal the agency's denial." Id. at 7.

## II. Standards of Review

In the Motion, Defendants seek dismissal of the Complaint pursuant to Rule 12(b)(1) based on their contention that the Court lacks subject-matter jurisdiction over Plaintiffs' claim. See Motion at 1. Federal courts are courts of limited jurisdiction "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir.

1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). Indeed, jurisdiction is the power of the Court to declare the law. Id. at 410. "When a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." Id. at 409 (internal quotation omitted). Such action offends the "'principles of separation of powers.'" Id. at 410 (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)). As such, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, it must dismiss" the claim. See Rule 12(h)(3); see also Univ. of S. Ala., 168 F.3d at 410 ("Simply put, once a federal court determines that it is without subject-matter jurisdiction, the court is powerless to continue.").

The jurisdiction of the federal court may be attacked facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). In a facial challenge, a court assumes the allegations in the complaint are true and determines whether the complaint sufficiently alleges a basis for subject-matter jurisdiction. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). On the other hand, factual attacks "challenge the 'existence of subject-matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" Id. (citation omitted). In considering a factual attack on subject-matter jurisdiction, the Court is free to weigh the facts and is not constrained to view them in the light

6

most favorable to the plaintiff. Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009), cert. denied, 130 S.Ct. 3499 (2010). As Defendants' Motion appears to be a facial challenge to subject-matter jurisdiction, the factual allegations in Plaintiffs' Complaint are taken as true. "'The burden for establishing federal subject-matter jurisdiction rests with the party bringing the claim.'" See Williams v. Poarch Band of Creek Indians, 839 F.3d 1312, 1314 (11th Cir. 2016) (quoting Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005)).

Defendants also move to dismiss Plaintiffs' claim against them for failure to state a claim, pursuant to Rule 12(b)(6). In ruling on a motion to dismiss for failure to state a claim, the Court must also accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell

7

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

### III. Discussion

Plaintiffs contend that under the APA, this "Court has jurisdiction to review whether the agency followed its own binding regulations when

8

adjudicating the [Application for Waiver]." See Response at 4; see also Complaint at ¶5. The APA authorizes judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court . . . ." See 5 U.S.C. § 704. Section 704 provides that "[a] preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." Id. As such, a court lacks jurisdiction to review agency action "when the administrative action in question is not 'final' within the meaning of 5 U.S.C. § 704." See Nat'l Parks Conservation Ass'n v. Norton (Stiltsville Case), 324 F.3d 1229, 1236 (11th Cir. 2003). Significantly, the APA provides no cause of action where another statute precludes review. Block v. Cmty. Nutrition Inst., 467 U.S. 340, 345 (1984).

Under the heading "Remedy Sought" in the Complaint, Plaintiffs state that they are seeking judicial review of USCIS's decision to deny the Application for Waiver. See Complaint at ¶ 10. However, the INA precludes judicial review of "any judgment regarding the granting relief under section 1182(i)," among other enumerated provisions, or "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B)(i)&(ii). Mr. Avullija filed his Application for Waiver under section 1182(i). See

9

Complaint at ¶20-21. Inasmuch as a subsequent decision on a waiver filed under section 1182(i) constitutes a "judgment regarding the granting relief" under that section, judicial review of the Decision is precluded by the INA. To the extent, as Plaintiffs suggest, that the Decision amounts to a judgment regarding the granting of relief under section 1182(a)(9)(B)(v), based on USCIS's purported "scrivener's error," the INA still precludes judicial review. The Decision constitutes "any other decision . . . for which is specified under this subchapter to be in the discretion of the Attorney General . . . ." because section 1182(a)(9)(B)(v) explicitly grants the Attorney General "sole discretion" to grant a waiver. See 8 U.S.C. § 1252(a)(2)(B)(ii). Moreover, both sections 1182(i)(2) and 1182(a)(9)(B)(v) contain their own jurisdiction stripping language. See 8 U.S.C. § 1182(i)(2) ("No court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver under paragraph (1)."); see also 8 U.S.C. § 1182(a)(9)(B)(v) ("No court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause."). Thus, whether the Decision is regarding a judgment under section 1182(a)(6)(C)(i) or section 1182(a)(9)(B)(v), the APA does not provide a cause of action because the INA precludes review.

Elsewhere in the Complaint, Plaintiffs acknowledge that the INA strips the Court of jurisdiction to review the Decision, but assert that they instead seek review of the agency's procedural failure to "explain the specific reasons for a

10

denial" as required by 8 C.F.R. § 103.3(a)(1). See Complaint at ¶ 30. The INA does not strip district courts of subject-matter jurisdiction to determine whether USCIS complied with its own regulations. See Kurapati v. U.S. Bureau of Citizenship & Immigr. Servs., 775 F.3d 1255, 1262 (11th Cir. 2014) (holding that if USCIS failed to follow proper procedure in revoking I-140 petitions, the INA "does not prevent judicial review of the conduct of the administrative proceedings."); see also Bonillo v. Sec'y, U.S. Dep't of Homeland Sec., 497 F. App'x 913, 916 (11th Cir. 2012)[2] (quoting Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 545 (6th Cir. 2004)) (the INA did not preclude judicial review of USCIS's decision to revoke an I-140 petition because petitioner sought a determination of whether USCIS "complied with its own regulations concerning its mandatory notification procedures."). Nevertheless, the Eleventh Circuit has scrutinized claims purportedly brought under exceptions to the jurisdictional limitations of the INA that in fact seek substantive judicial review of agency decisions. See Arias v. U.S. Atty. Gen., 482 F.3d 1281, 1284 (11th Cir. 2007); see also Sands v. U.S. Dep't of Homeland Sec., 308 F. App'x 418, 419 (11th Cir. 2009); Mata v. Sec'y of Dep't of Homeland Sec., 426 F. App'x 698, 700 (11th Cir. 2011). For example, in Arias, the Board of Immigration Appeal's dismissed the plaintiff's

---

[2] "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

appeal of the denial of his application for waiver of inadmissibility under the INA and he petitioned for review. See 482 F.3d at 1284. Upon review by the Eleventh Circuit, the court found that the petitioner attempted to circumvent the INA's jurisdiction stripping provisions by characterizing an abuse of discretion argument as a constitutional claim[3] and dismissed the appeal for lack of jurisdiction. Id. Similarly, in Sands, the plaintiffs purportedly sought to compel USCIS to adjudicate their immigrant petitions for alien workers. 308 F. App'x at 419. However, the Eleventh Circuit found it clear that what plaintiffs actually sought was a favorable adjudication and affirmed "the district court's dismissal for want of subject-matter jurisdiction." Id. at 419-20.

Other circuit courts have also admonished petitioners seeking to avoid the jurisdictional limitations of the INA by characterizing a claim as complaining of constitutional violations, questions of law, or procedural errors. See also Doe v. McAleenan, 926 F.3d 910, 916 (7th Cir. 2019) ("Merely citing the Code of Federal Regulations doesn't convert a substantive challenge into a procedural one."); see also Lee v. U.S. Citizenship & Immigr. Servs., 592 F.3d 612, 620 (4th Cir. 2010) ("Although Lee's claim in his amended complaint is carefully worded to avoid expressly challenging the denial of his application for adjustment of status, that

---

[3] Section 1252(a)(2)(D) of the INA provides that it does not preclude judicial review of "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D).

12

is clearly what Lee seeks to do."); see also Bugayong v. I.N.S., 442 F.3d 67, 73 (2d Cir. 2006) (despite petitioner's attempt to overcome the jurisdictional limitations of the INA by "cloak[ing] his argument in the language of statutory interpretation," his claim regarding the denial of his request for a waiver of inadmissibility was barred from judicial review). Accordingly, the Court will examine whether Plaintiffs in fact complain of a procedural violation or seek to avoid the relevant jurisdictional provisions of the INA.

Plaintiffs argue that USCIS committed procedural error by failing to explain the specific reasons for its decision to deny Mr. Avullija's Application for Waiver. See 8 C.F.R. § 103.3(a)(1). However, USCIS formally complied with that procedural requirement. See Decision. The Decision states that because Mr. Avullija was found inadmissible under section 1182(a)(9)(B)(v) of the INA, he is inadmissible to the United States for ten years following his departure. Id. Regardless of the grounds of his inadmissibility, the Decision also states that because Mr. Avullija would remain inadmissible as a public charge even if USCIS granted a waiver of inadmissibility, Mr. Avullija's Application for Waiver is denied. Id. Plaintiffs complain that USCIS's inclusion of section 1182(a)(9)(B)(v) as the basis for Mr. Avullija's inadmissibility is incorrect:

> The undersigned notes that the ground of inadmissibility described at §1182(a)(9)(B)(i)(II) requires an alien to have accrued a period of "unlawful presence" in the United States prior to making application for issuance of a visa. Leonard has never been to the

13

> United States and could therefore never have accrued any "unlawful presence" requiring such a waiver.

Response at 4, n. 7. Defendants do not disagree. See Motion at 8, n. 3. However, such a claim requires the Court to view the Decision on the merits and declare that Mr. Avullija had never in fact been to the United States. The Court lacks jurisdiction to do so. The allegations in the Complaint signify an intent to obtain a "favorable adjudication," rather than USCIS's compliance with regulations:

> [a]s to [the public charge] ground of inadmissibility, Plaintiffs submit that if Defendants were to vacate its decision and reopen the administrative proceedings, Plaintiffs will provide financial documents overcoming the ground of inadmissibility.

Complaint at 4, n. 2.

Additionally, under the heading "Prayer for Relief" in the Complaint, Plaintiffs request that the Court "declare Defendants actions in this case as arbitrary and capricious, an abuse of discretion, and not in accordance with the law pursuant to 5 U.S.C. § 706(2)." Complaint at 7. Plaintiffs confusingly argue in the Response that "Defendants' position assumes that Plaintiffs seek judicial review of a discretionary action or decision" despite their express allegations stating that they seek to obtain an adjudication of Mr. Avullija's request for waiver on the inadmissibility ground actually applicable to him. See Response at 4 (emphasis added). According to Plaintiffs, "such action does not involve the agency's discretion." Id. However, these allegations, combined with USCIS's formal compliance with 8 C.F.R. § 103.3(a)(1) in the Decision, evidence

14

Plaintiffs' objective to obtain judicial review of the substance of USCIS's decision. Plaintiffs cannot couch their claim as procedural error in the Response to evade the jurisdictional stripping provisions of the INA. See Arias, 482 F.3d at 1284; see Mata, 426 F. App'x at 700. It is apparent that Plaintiffs are asking this Court to review USCIS's decision to deny Mr. Avullija's Application for Waiver under the APA, when such review is expressly precluded by statute. Because the Court lacks subject-matter jurisdiction over this request, the Court determines that this action is due to be dismissed.

Even if Plaintiffs adequately alleged that USCIS violated its regulations in issuing the Decision and invoked this Court's limited subject-matter jurisdiction, the Complaint would still be due to be dismissed for failure to state a claim. A plaintiff does state a plausible claim for a failure to comply with 8 C.F.R. § 103.3(a)(1)(i) when USCIS does in fact provide specific reasons for its denial. See Daniel v. Castro, 662 F. App'x 645, 650 (11th Cir. 2016). In Daniel, the plaintiff requested judicial review of a decision by USCIS regarding his application for adjustment of status. Id. at 646. The plaintiff alleged that USCIS committed procedural error under 8 C.F.R. § 103.3(a)(1)(i) by failing to explain the specific reasons for denying his motion for reconsideration. See id. at 646-47. The Eleventh Circuit found that 8 C.F.R. § 103.3(a)(1)(i) did not apply under the facts of the case, but if it did, noted that the Complaint was still due to be dismissed for failure to state a claim. See id. at 650. Even though USCIS

15

denied the application in a short decision, it summarized the reasons for originally denying the application, explained that it thoroughly reviewed the record, and stated that it found no new evidence and the original decision was correct. Id. at 650. The Eleventh Circuit explained,

> [the plaintiff] has pointed to no regulation requiring [USCIS] to address his motion for reconsideration in detail or to explicitly respond to each of his arguments. And [the plaintiff] cannot, as the district court recognized, obtain review of the merits of the decision through the guise of claiming "procedural" error. In sum, no plausible basis exists to conclude that the Service failed to comply with its procedural obligations.

Id. Plaintiffs here similarly have not pointed to any authority requiring USCIS to specifically "address the inadmissibility ground Plaintiff Leonard sought to overcome." Response at 3. And as discussed above, Plaintiffs cannot seek review of the merits of the Decision "through the guise of claiming 'procedural' error." See id.

After stating that it thoroughly reviewed the Application for Waiver, USCIS summarized its reasons for denial. See Decision. By explaining that it denied the Application for Waiver because Mr. Avullija would remain inadmissible as a public charge even if waiver was granted, USCIS satisfied the requirements of 8 C.F.R. § 103.3(a)(1)(i) to "explain in writing the specific reasons for denial." Indeed, Plaintiffs concede that Defendants explain in writing specific reasons for denial but without citing any authority confusingly assert, "the specific reasons cited for the denial fall short of the regulation's

16

mandate requiring that an officer explain in writing the reasons for the denial." Response at 6. Plaintiffs' unsupported contention that as a result of Defendant's purported "scrivener's error," "[Mr. Avullija] is left without a viable opportunity to appeal the agency's denial," is without merit. Accordingly, Plaintiffs do not allege a plausible basis to conclude that USCIS failed to comply with its procedural obligations.

In light of the foregoing, it is hereby

**ORDERED:**

1. Defendants' Motion to Dismiss Plaintiff's[sic] Complaint (Doc. 10) is **GRANTED,** to the extent that this action is dismissed for lack of subject matter jurisdiction.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** in Jacksonville, Florida this 17th day of August, 2021.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc28
Copies to:
Counsel of Record